United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRENDAN KUKLOK,

                    Plaintiff,

        v.

UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS,

                    Defendant.

Case No.  19-cv-02958-DMR

**ORDER ON MOTION TO DISMISS
THIRD AMENDED COMPLAINT**

Re: Dkt. No. 42

Defendant United States Department of Veterans Affairs (the "VA") moves pursuant to

Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss pro se Plaintiff Brendan

Kuklok's third amended complaint ("TAC").  [Docket No. 42.]  This matter is suitable for

resolution without a hearing pursuant to Local Rule 7-1(b).  For the following reasons, the motion

is granted.

**I.      BACKGROUND**

        **A.      Factual Background**

        Kuklok makes the following allegations in the TAC: Kuklok is a 65-year old Marine Corps

veteran who was honorably discharged in 1973.  TAC ¶ 11, Ex. 2.  In 1981, he was

"catastrophically injured" in an accident at a federally-funded oil pipeline in North Dakota.  TAC

¶ 11.  It appears that Kuklok requested workers compensation and Social Security Disability

Insurance benefits after the accident.  *Id*. at ¶¶ 12, 15, 47.

        With respect to his claim for workers compensation benefits, the TAC cites *Kuklok v.

North Dakota Workers' Compensation Bureau*, 492 N.W.2d 572, 575 (N.D. 1992), in which the

North Dakota Supreme Court affirmed a district court judgment upholding an order of the North

Dakota Workers' Compensation Bureau ("NDWCB") in which it awarded Kuklok benefits for

physical injuries sustained as a result of work-related accidents but denied him benefits for treatment of a psychiatric disorder. *See* TAC ¶¶ 46, 58, 110, 112. In the opinion, the North Dakota Supreme Court summarized the conflicting medical evidence before the NDWCB about whether Kuklok's "psychiatric problems . . . [were] causally related to the 1981 employment accidents." *Kuklok*, 492 N.W.2d at 574. Included in the evidence was an opinion by a treating physician, Dr. Kenneth Foster, who opined that Kuklok's psychiatric problems were related to the 1981 work accidents. However, the NDWCB noted that Dr. Foster did not administer any psychological tests or review Kuklok's VA and other medical records that predated his work injuries. *Id*. at 574-75. The NDWCB ultimately concluded that Kuklok's personality disorder "pre-existed his work injuries," relying on the opinions of two physicians who had administered testing, reviewed Kuklok's medical records, and interviewed Kuklok and concluded that his psychiatric conditions pre-dated the work accidents. *Id*. at 575. The court concluded that there was "credible medical evidence" to support the NDWCB's conclusion and affirmed the judgment of the district court affirming the NDWCB's order. *Id*.

In this lawsuit, Kuklok alleges that the VA improperly disclosed his private medical records to the NDWCB in 1982, 1987, and 1988 in connection with his workers compensation claim. *Id*. at ¶¶ 12, 16, 20, 21. On November 23, 2018, Kuklok submitted a "Claim for Damage, Injury, or Death" to the VA on a Standard Form 95 in which he described his injury as follows:

> Detrimental intentional passage of private Veterans Administration medical records, intrusion upon seclusion and invasion of privacy. Detrimental intentional passage of private Veterans Administration discharge records, intrusion upon seclusion and invasion of privacy. Interfering with entitlements and causing loss of benefits. Negligence, inflicting mental anguish and bodily injuries.

TAC Ex. 1 (Form 95).

Kuklok alleges the following claims for relief: 1) violation of the Privacy Act, 5 U.S.C. § 552a; 2) a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346; 3) violation of California's Confidentiality of Medical Information Act, California Civil Code section 56 et seq.; and 4) breach of fiduciary duty.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

### B.   Procedural History

Kuklok filed this lawsuit on May 29, 2019 and filed an amended complaint ("FAC") on September 9, 2019 in which he alleged the following claims: 1) violation of the Privacy Act; 2) an FTCA claim; 3) violation of the Veterans Claims Assistance Act of 2000; 4) violation of the Social Security Act; and 5) violation of California's Confidentiality of Medical Information Act.

On November 4, 2019, the court dismissed Kuklok's Privacy Act and FTCA claims with leave to amend and dismissed Kuklok's claims based on the Veterans Claims Assistance Act and Social Security Act with prejudice.  [Docket No. 31 (Order Dismissing FAC).]  The court granted Kuklok leave to file a second amended complaint by no later than November 27, 2019, and instructed Kuklok to "plead his best case."  *Id*. at 10.  Kuklok timely filed a second amended complaint, and shortly thereafter filed a motion for leave to file the TAC, which Defendant did not oppose.  [Docket Nos. 35-37.]  The court granted Kuklok leave to file the TAC, which he timely filed on January 31, 2020.  [Docket Nos. 38, 40 (TAC).]  Defendants now move to dismiss.

## II.   LEGAL STANDARDS

Defendant moves to dismiss the TAC pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1).

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint.  *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted), and may dismiss a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc*., 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted).  A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citation omitted).  In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of

United States District Court
Northern District of California

1    a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing

2    *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir.

3    2001), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir.

4    2002).

5            A motion to dismiss filed pursuant to Rule 12(b)(1) is a challenge to the court's subject

6    matter jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1).  A court will dismiss a party's claim for lack of

7    subject matter jurisdiction "only when the claim is so insubstantial, implausible, foreclosed by

8    prior decisions of th[e Supreme] Court, or otherwise completely devoid of merit as not to involve

9    a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citation

10   and quotation marks omitted); *see* Fed. R. Civ. P. 12(b)(1).  The challenging party may make a

11   facial or factual attack challenging subject matter jurisdiction.  *White v. Lee*, 227 F.3d 1214, 1242

12   (9th Cir. 2000).  A facial challenge asserts that "the allegations contained in a complaint are

13   insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d

14   1035, 1039 (9th Cir. 2004).  In contrast, a factual attack disputes "the truth of the allegations that,

15   by themselves, would otherwise invoke federal jurisdiction." *Id*. at 1039.  A factual challenge

16   permits the court to look beyond the complaint, without "presum[ing] the truthfulness of the

17   plaintiff's allegations." *White*, 227 F.3d at 1242 (citation omitted).  Even the presence of disputed

18   material facts "will not preclude the trial court from evaluating for itself the merits of

19   jurisdictional claims." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (citations

20   omitted).

21           Pro se pleadings must be liberally construed and "held to less stringent standards than

22   formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94.  The Ninth Circuit has held that

23   "where the petitioner is pro se," courts have an obligation, "particularly in civil rights cases, to

24   construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Bretz v.

25   Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).  "However, a liberal interpretation of

26   a civil rights complaint may not supply essential elements of the claim that were not initially

27   pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

28

### III.   DISCUSSION

#### A.  Privacy Act Claim

Kuklok's Privacy Act claim is based on the VA's disclosure of his records to the NDWCB in 1982, 1987, and 1988 in connection with his workers compensation claim.  TAC ¶ 12, 16, 20, 21.  Defendant moves pursuant to Rule 12(b)(6) to dismiss the claim on the grounds that it is untimely and that Kuklok has failed to state a claim for damages under the Privacy Act.

"The Privacy Act of 1974, codified in part at 5 U.S.C. § 552a, contains a comprehensive and detailed set of requirements for the management of confidential records held by Executive Branch agencies."  *Fed. Aviation Admin. v. Cooper*, 566 U.S. 284, 287 (2012).  It provides that "[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains" unless certain exceptions apply.  5 U.S.C. § 552a(b).  If an agency "fails to comply" with the Privacy Act's requirements "in such a way as to have an adverse effect on an individual, the individual may bring a civil action against the agency."  5 U.S.C. § 552a(g)(1)(D).

The Privacy Act states that "[a]n action to enforce any liability created under this section may be brought . . . within two years from the date on which the cause of action arises . . ."  5 U.S.C. § 552a(g)(5).  A claim under the Privacy Act arises "when the person knows or has reason to know of the alleged violation."  *Rose v. United States*, 905 F.2d 1257, 1259 (9th Cir. 1990). The Ninth Circuit has held that the time period set forth in 5 U.S.C. § 552a(g)(5) is a statute of limitations, subject to "the traditional defenses of waiver, estoppel, and equitable tolling," rather than a jurisdictional bar.  *Rouse v. United States Dep't of State*, 567 F.3d 408, 415 (9th Cir. 2009) (quotation omitted).

The court previously found that the facts alleged in the FAC "support[ed] the inference that Kuklok has known about the alleged improper disclosure of his medical records since at least 1992," the date of the North Dakota Supreme Court decision.  Order Dismissing FAC 5-6. Accordingly, the court dismissed the Privacy Act claim as untimely.  *See id*.

In the TAC, Kuklok alleges that he did not learn of the North Dakota Supreme Court

1    decision until 1995, although he also states in his opposition that he "is and was aware of the

2    decision's publication in 1992." TAC ¶ 106; Opp'n 6. Kuklok did not file the complaint in this

3    action until 2019, at least 24 years after he became aware or should have been aware of the alleged

4    improper disclosure, rendering his Privacy Act claim untimely.[1]

5        Kuklok also alleges that the statute of limitations should be equitably tolled due to his

6    medical conditions. TAC ¶¶ 55-56. The two-year statute of limitations applicable to Privacy Act

7    claims is subject to equitable tolling, *see Rouse*, 567 F.3d at 415, which exists "to relieve

8    hardships which, from time to time, arise from a hard and fast adherence to more absolute legal

9    rules, which, if strictly applied, threaten the evils of archaic rigidity." *Kwai Fun Wong v. Beebe*,

10   732 F.3d 1030, 1052 (9th Cir. 2013) (internal quotation omitted). The party invoking "equitable

11   tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights

12   diligently, and (2) that some extraordinary circumstances stood in his way." *Id.* (internal quotation

13   omitted). The first element "requires the effort that a reasonable person might be expected to

14   deliver under his or her particular circumstances. Central to the analysis is whether the plaintiff

15   was without any fault in pursuing his claim." *Id.* (internal quotation omitted). The second

16   element requires a litigant to show that "extraordinary circumstances," including "external

17   circumstances beyond [the litigant's] direct control," caused the "untimeliness and . . . ma[de] it

18   impossible to file [the document] on time." *Id.* (quotations omitted).

19       The Ninth Circuit has held that "mental incompetence" will toll a statute of limitations

20   when it "precludes a person from asserting his rights during the proper time period." *Brockamp v.*

21   *United States*, 67 F.3d 260, 263 (9th Cir. 1995), *rev'd on other grounds by United States v.*

22   *Brockamp*, 519 U.S. 347 (1996). A plaintiff must establish that the "mental impairment was an

23

24   _____

     [1] Kuklok also alleges that his claim accrued on January 27, 2018, when he "first discovered that
25   his records were allegedly lost." TAC ¶ 47. He cites a January 27, 2018 Rating Decision on
     Kuklok's claim for benefits. In the decision, the VA informed Kuklok of its decision on the claim
26   and stated, "We have determined that Fargo VAMC treatment records from April 1, 1982 to
     present do not exist." TAC Ex. 7. It is not clear, and Kuklok does not explain, how the Rating
27   Decision could be interpreted to mean that the Privacy Act claim did not accrue until January
     2018, as the document does not show that an improper disclosure of medical records to the
28   NDWCB occurred.

United States District Court
Northern District of California

United States District Court
Northern District of California

1   'extraordinary circumstance' beyond his control by demonstrating the impairment was so severe

2   that either (a) plaintiff was unable rationally or factually to personally understand the need to

3   timely file, or (b) plaintiff's mental state rendered him unable personally to prepare a complaint

4   and effectuate its filing."  *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1010 (9th Cir. 2011)

5   (quotation omitted).  The plaintiff must also "show diligence in pursuing the claims to the extent

6   he could understand them, but that the mental impairment made it impossible to meet the filing

7   deadline under the totality of the circumstances . . . ."  *Id*. (quotation omitted).

8         The court previously concluded that Kuklok had not sufficiently alleged facts to support

9   the application of equitable tolling to render the claim timely, and granted him leave to amend

10   facts to show "the existence of extraordinary circumstances that were the cause of his untimeliness

11   and made it impossible to file his claim on time."  Order Dismissing FAC 6-7 (quotation omitted).

12   The TAC includes the following allegations: "Defendant's outrageous conduct created

13   circumstances so extraordinary, that no amount of diligence by [Kuklok], under the circumstances,

14   could overcome this dilemma," TAC ¶ 29; "[d]espite [Kuklok's] reasonable care and diligent

15   efforts, through appointed counsel, he was unable to understand the complex legal jargon and rules

16   and deadlines due to his extraordinary disability, which affects his comprehension of the

17   circumstances," *id*. at ¶ 47; Kuklok has at least ten "serious medical conditions," including

18   squamous cell carcinoma and depressive disorder, "some of which have afflicted [him] for

19   decades, [which] make it extremely difficult, if not impossible, to discover, prepare, and file

20   actions against Defendant," *Id*. at ¶ 55; "[Kuklok] endures extraordinary medical conditions that

21   hinder his ability to access the legal system and other government bureaucracies," *id*. at ¶ 56; and

22   "[Kuklok's] physical and mental limitations have made it nearly impossible to thoughtfully review

23   and question his legal proceedings."  *Id*. at ¶ 57.

24         While the court is sympathetic to Kuklok's medical problems, the allegations in the TAC

25   do not support a finding of "extraordinary circumstances" that prevented Kuklok from filing his

26   Privacy Act claim in a timely manner and warrant the application of equitable tolling.  A list of

27   Kuklok's medical conditions, together with the allegation that Kuklok's "extraordinary disability"

28   rendered him "unable to understand the complex legal jargon and rules and deadlines due to his

7

extraordinary disability," is conclusory and fails to provide any meaningful detail about how Kuklok's medical conditions prevented him from filing this lawsuit for over 20 years.  The allegations in the TAC about Kuklok's medical conditions, which say little about Kuklok's ability to function, comprehend, or obtain information, are insufficient to support the inference that Kuklok "was unable rationally or factually to personally understand the need to timely file" or that his "mental state rendered him unable personally to prepare a complaint and effectuate its filing."  *See Johnson*, 653 F.3d at 1010.  In contrast, the Ninth Circuit has found equitable tolling appropriate where the plaintiff "presented overwhelming evidence that she was completely psychiatrically disabled during the relevant limitation period," including evidence that she had "attempted suicide numerous times—and may do so again . . . [and] is unable to read, open mail, or function in society" due to her mental health condition.  *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999)); *see also Scholar v. Pac. Bell*, 963 F.2d 264, 268 (9th Cir. 1992) (holding that equitable tolling is applicable in "extreme cases").

In sum, in the absence of details about the limitations of Kuklok's functioning and allegations of a causal connection between his medical conditions and his inability to timely file his claim, the court finds that the TAC does not sufficiently allege the existence of extraordinary circumstances that were the cause of his untimeliness and made it impossible to file his claim on time.  *See Wong*, 732 F.3d at 1052.  Accordingly, Kuklok's Privacy Act claim is dismissed.  As Kuklok has already been given one opportunity to amend his complaint to allege facts to support equitable tolling and instructed him to "plead his best case," the dismissal is with prejudice.

### B.   FTCA Claims

Kuklok's second claim is labeled, "Federal Tort Claims Act," and his third claim is a claim for violation of California Civil Code section 56.10(c) brought pursuant to the FTCA.  Both claims are based upon Kuklok's allegation that the VA violated his right to privacy and confidentiality in his VA medical records by disclosing his medical records to the NDWCB in connection with his workers compensation claim.  *See* TAC ¶¶ 63-68, 70-77, 91, 95.

The FTCA "waives the federal government's sovereign immunity for certain tort claims by persons injured by actions of a federal employee 'acting within the scope of his office or

1  employment.'" *Pauly v. U.S. Dep't of Agric.*, 348 F.3d 1143, 1151 (9th Cir. 2003).  It provides

2  that "[a] tort claim against the United States shall be forever barred unless it is presented in writing

3  to the appropriate Federal agency within two years after such claim accrues . . . ."  28 U.S.C. §

4  2401(b).  A tort claim accrues "when a plaintiff knows or has reason to know of the injury which

5  is the basis of his action."  *Hensley v. United States*, 531 F.3d 1052, 1056 (9th Cir. 2008)

6  (quotation omitted).

7       As with the Privacy Act claim, Defendant argues that Kuklok's FTCA claims are untimely,

8  because he knew or should have known that the VA provided his medical records to the NDWCB

9  by at least 1995, when he alleges he learned of the North Dakota Supreme Court's decision in

10  *Kuklok* referencing the records.  However, he did not submit his claim to the VA until November

11  23, 2018, over 20 years later.  *See* TAC Ex. 1.

12       Kuklok's response to Defendant's argument is difficult to follow.  He appears to argue that

13  his claim accrued in January 2017, while simultaneously acknowledging his awareness of the

14  1992 decision by the North Dakota Supreme Court:

15           [T]his tort accrues when Plaintiff learned in January 2017 of the
             alleged lost records by Defendant to the insurance carrier, which
16           consisted of the authorized 1982 medical findings, and also the
             unauthorized 1974 confidential release from active duty medical
17           report.  This is after Plaintiff had accepted the 1992 *Kuklok* decision
             for over 25 years.  Plaintiff had accepted at face value that Drs. Berg
18           and McNairy prevailed over Social Security physician Dr. Carey
             Mayer, MD and Dr. Kenneth Foster, MD, all involved in the same
19           litigation stage, never realizing that the unauthorized 1974 reports
             were the source documents in the accepted medical findings.
20

21  Opp'n 8.  As an initial matter, the TAC does not contain any allegations about events in January

22  2017.  It is possible that the January 2017 date is a typographical error and the event to which

23  Kuklok refers is the January 2018 Rating Decision noting the inexistence of certain VA records.

24  *See* TAC Ex. 7.  However, as noted, the document does not show that an improper disclosure of

25  medical records to the NDWCB occurred.

26       To the extent that Kuklok contends that his FTCA claims are subject to equitable tolling

27  due to his medical conditions, for the same reasons discussed above, the court finds that the TAC

28  does not allege facts to support an equitable tolling theory.  Accordingly, the second and third

United States District Court
Northern District of California

9

claims for relief are dismissed with prejudice.

### C.    Breach of Fiduciary Duty

Kuklok's fourth and final claim is for breach of fiduciary duty.  Kuklok alleges that "Defendant failed in their duty to assist [Kuklok], with the result being denial of benefits."  TAC ¶ 103.  According to Kuklok, "[t]here was never any communication whatsoever between Defendant and [Kuklok] regarding non-service connected assistance."  *Id*. at ¶ 100.  He also alleges that the VA "mismanaged [his] records, causing delay of entitlements between 1982 and 1989."  TAC ¶ 104.  The TAC does not specify which benefits were allegedly denied to Kuklok or which entitlements were allegedly delayed.

The elements of a claim for breach of fiduciary duty are 1) existence of a fiduciary duty; 2) breach of the fiduciary duty; and 3) damage proximately caused by the breach.  *Slovensky v. Friedman*, 142 Cal. App. 4th 1518, 1534 (2006).  Defendant argues that the TAC fails to state a claim for breach of fiduciary duty because Kuklok has not identified a legally recognized fiduciary relationship between Kuklok and the VA.  It also argues that the court lacks subject matter jurisdiction over the claim, as it was not presented in Kuklok's administrative claim, and that the court did not grant leave to amend to add new claims.[2]  The court first addresses the jurisdictional argument.

Defendant contends that the court lacks subject matter jurisdiction over this claim because Kuklok did not include it in his November 23, 2018 administrative claim.  "The jurisdiction of federal courts to entertain actions for damages against the United States is limited by the [FTCA]."  *Warren v. U.S. Dep't of Interior Bureau of Land Mgmt*., 724 F.2d 776, 777-78 (9th Cir. 1984) (citation omitted).  A federal court lacks jurisdiction over an FTCA claim where a plaintiff fails to exhaust administrative remedies.  *Vacek v. U.S. Postal Serv*., 447 F.3d 1248, 1250 (9th Cir. 2006).  In order to bring a civil suit under the FTCA, a plaintiff must first file an administrative claim (i.e.,

---

[2] Defendant also argues for the first time on reply that the claim is untimely, "as the injury which Plaintiff alleges occurred over 20 years ago" and Kuklok has not alleged facts to support equitable tolling.  Reply 4.  It is not clear that the injury allegedly caused by the VA's alleged breach of a fiduciary duty occurred "over 20 years ago," as the TAC alleges a denial of benefits in 2014 and "2014 and 2018 Medicare repayment difficulties."  *See* TAC ¶¶ 49, 50.  Moreover, it is improper to raise new arguments on reply.  Therefore, the court declines to consider this argument.

United States District Court
Northern District of California

1   a Form 95) and exhaust administrative remedies.  28 U.S.C. § 2675(a).  Section 2675(a) requires a

2   plaintiff to first present an administrative claim to the appropriate federal agency, then either

3   receive a final denial of the claim from the agency or allow six months to pass without a final

4   disposition before filing a lawsuit.  *Id.*  As explained by the Ninth Circuit, "[a] claim is deemed

5   presented for purposes of § 2675(a) when a party files '(1) a written statement sufficiently

6   describing the injury to enable the agency to begin its own investigation, and (2) a sum certain

7   damages claim.'"  *Blair v. I.R.S.*, 304 F.3d 861, 864 (9th Cir. 2002) (quoting *Warren*, 724 F.2d at

8   780).  Only "minimal notice" is required to satisfy the notice requirement.  *Avery v. United States*,

9   680 F.2d 608, 611 (9th Cir. 1982).  "[W]here a claimant gives notice of the manner and general

10  circumstances of injury and the harm suffered, and a sum certain representing damages, he has

11  complied with [the notice requirements of] section 2675(a)."  *Id.*

12      Kuklok appears to contend that he did include the breach of fiduciary duty claim in his

13  Form 95, pointing to the following statement: "Detrimental intentional passage of private Veterans

14  Administration medical records . . . Interfering with entitlements and causing loss of benefits."

15  Form 95; *see* Opp'n 9-10.  While the FTCA "does not mandate that [a] claimant state the legal

16  theory for recovery in the administrative claim," *Laurence v. United States*, No. C-93-0381-DLJ,

17  1993 WL 266657, at *5 (N.D. Cal. July 8, 1993), and the "administrative claim need not be

18  extensive," *Goodman v. United States*, 298 F.3d 1048, 1055 (9th Cir. 2002), the court concludes

19  that the statement "[i]nterfering with entitlements and causing loss of benefits," without more, is

20  insufficient to put the VA on notice of the injury claimed and enable it to begin its own

21  investigation of the events underlying Kuklok's claim for breach of a fiduciary duty.  The Ninth

22  Circuit has explained that a "person injured, or his or her personal representative, need only file a

23  brief notice or statement with the relevant federal agency containing a general description of the

24  time, place, cause and general nature of the injury and the amount of compensation demanded."

25  *Goodman*, 298 F.3d at 1055.  Kuklok's Form 95 does not comply with this requirement, as it does

26  not specify which entitlements are at issue and which benefits were lost, nor indicate a date of the

27

28

United States District Court
Northern District of California

11

1  alleged loss.[3]  Without such information, the Form 95 does not provide the VA with the minimal
2  notice to allow an investigation to commence.  Accordingly, the court lacks jurisdiction over the
3  breach of fiduciary duty claim to the extent that it is based on the allegations that the VA failed to
4  assist Kuklok in obtaining benefits and caused a "delay of entitlements."  The claim must therefore
5  be dismissed for lack of subject matter jurisdiction.  For this reason, the court does not reach the
6  VA's other argument on this claim.

7  This dismissal is without prejudice to refiling if Kuklok exhausts his administrative
8  remedies as to this claim.  However, the court cautions Kuklok that as discussed above, an FTCA
9  claim is subject to a two-year statute of limitations.  Thus, any claim based on a "delay of
10  entitlements between 1982 and 1989" appears untimely.  *See* TAC ¶ 104.

**IV.   CONCLUSION**

12  For the foregoing reasons, Defendant's motion to dismiss is granted.  The first, second, and
13  third claims are dismissed with prejudice.  Defendant's motion to dismiss the breach of fiduciary
14  duty claim is granted without prejudice to refiling if Kuklok exhausts his administrative remedies
15  as to this claim.  The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

Dated: July 20, 2020



Donna M. Ryu
Judge Donna M. Ryu
United States Magistrate Judge

---

[3] Similarly, the TAC does not specify which entitlements are at issue and which benefits were lost, nor does it set forth the date(s) of the alleged loss.

12

*United States District Court*
*Northern District of California*