1
2
3
4                          UNITED STATES DISTRICT COURT
5                        NORTHERN DISTRICT OF CALIFORNIA
6

7    BRENDAN KUKLOK,                          Case No.  19-cv-02958-DMR
8                      Plaintiff,
                                              **ORDER ON PLAINTIFF'S MOTION
9          v.                                 FOR RECONSIDERATION**

10   UNITED STATES DEPARTMENT OF              Re: Dkt. No. 48
     VETERANS AFFAIRS,
11
                     Defendant.
12

13         Pro se Plaintiff Brendan Kuklok filed a lawsuit against the United States Department of

14   Veterans Affairs (the "VA").  The VA moved to dismiss the third amended complaint ("TAC").

15   On July 20, 2020, the court granted the motion.  It dismissed the first three claims with prejudice

16   and dismissed the fourth claim for breach of fiduciary duty without prejudice if Kuklok exhausts

17   his administrative remedies as to that claim.  The court entered judgment the same day.  [Docket

18   Nos. 46, 47.]

19         Now before the court is Kuklok's motion for reconsideration of the July 20, 2020 order

20   dismissing the TAC and judgment pursuant to Federal Rules of Civil Procedure 59(e) and 60(b).

21   [Docket No. 48.]  The VA filed an opposition to the motion.  [Docket No. 51.]  This matter is

22   suitable for resolution without a hearing.  Civ. L.R. 7-1(b).  For the following reasons, Kuklok's

23   motion is denied.

24   **I.     BACKGROUND**

25         The facts of this case were set forth in detail in the court's July 20, 2020 order dismissing

26   the TAC.  *Kuklok v. United States Dep't of Veterans Affairs*, No. 19-CV-02958-DMR, 2020 WL

27   4051561, at *1-2 (N.D. Cal. July 20, 2020).  In relevant part, Kuklok, a Marine Corps veteran,

28   alleges that the VA improperly disclosed his private medical records to the North Dakota

*United States District Court*
*Northern District of California*

1    Workers' Compensation Bureau ("NDWCB") in 1982, 1987, and 1988 in connection with a

2    workers compensation claim.  *Id*. at *1.

3         Kuklok filed this lawsuit in May 2019.  He filed an amended complaint in September 2019

4    in which he alleged the following claims: 1) violation of the Privacy Act, 5 U.S.C. § 552a; 2) a

5    claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346; 3) violation of the Veterans

6    Claims Assistance Act of 2000; 4) violation of the Social Security Act; and 5) violation of

7    California's Confidentiality of Medical Information Act, California Civil Code section 56 et seq.

8    On November 4, 2019, the court dismissed the Privacy Act and FTCA claims as untimely and

9    granted Kuklok leave to amend to allege facts to support equitable tolling of the statute of

10   limitations.  [Docket No. 31 at 6-9.]  The court dismissed Kuklok's claims based on the Veterans

11   Claims Assistance Act and Social Security Act with prejudice.  *Id*. at 9.  The court granted Kuklok

12   leave to file a second amended complaint and instructed Kuklok to "plead his best case."  *Id*. at 10.

13        Kuklok filed a second amended complaint, and shortly thereafter filed an unopposed

14   motion for leave to file the TAC. [Docket Nos. 35-37.]  The court granted Kuklok leave to file the

15   TAC, which he timely filed on January 31, 2020.  [Docket Nos. 38, 40 (TAC).]  The TAC alleged

16   the following claims for relief: 1) violation of the Privacy Act; 2) a claim under the FTCA; 3)

17   violation of California's Confidentiality of Medical Information Act; and 4) breach of fiduciary

18   duty.  The VA again moved to dismiss.

19        On July 20, 2020, the court granted the motion.  The court found that Kuklok's Privacy

20   Act, FTCA, and California Civil Code section 56.10(c) claims were each based on the VA's

21   alleged improper disclosure of his medical records and subject to a two-year statute of limitations.

22   Based on the allegations in the TAC, Kuklok filed suit at least 24 years after he became aware or

23   should have been aware of the disclosure.  *Kuklok*, 2020 WL 4051561, at *3-6.  The court

24   considered Kuklok's argument that the statute of limitations should be equitably tolled due to his

25   medical conditions and concluded that the allegations in the TAC did not support a finding of

26   "extraordinary circumstances" that prevented Kuklok from filing his claims in a timely manner.

27   *Id*. at *5 (quoting *Johnson v. Lucent Techs. Inc*., 653 F.3d 1000, 1010 (9th Cir. 2011)).

28   Specifically, the court held that the TAC's list of Kuklok's medical conditions, "together with the

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1   allegation that Kuklok's 'extraordinary disability' rendered him 'unable to understand the complex

2   legal jargon and rules and deadlines due to his extraordinary disability,' is conclusory and fails to

3   provide any meaningful detail about how Kuklok's medical conditions prevented him from filing

4   this lawsuit for over 20 years." *Id*. at *5 (citations omitted).  Therefore, the court dismissed the

5   Privacy Act, FTCA, and California Civil Code section 56.10(c) claims as untimely.  As the court

6   had already given Kuklok the opportunity to amend his complaint to allege facts to support

7   equitable tolling and instructed him to "plead his best case," the court dismissed these claims with

8   prejudice.  *Id*. at *5-6.

9       Kuklok's final claim was for breach of fiduciary duty.  The court dismissed the claim for

10  lack of subject matter jurisdiction due to Kuklok's failure to exhaust administrative remedies as to

11  the claim.  The dismissal was without prejudice to refiling if Kuklok exhausts his administrative

12  remedies.  *Id*. at *7.

13      Kuklok now moves for reconsideration of the July 20, 2020 order and judgment pursuant

14  to Federal Rules of Civil Procedure 59(e) and 60(b)(1) and (6).  The VA opposes the motion.

15  **II.    DISCUSSION**

16      Federal Rule of Civil Procedure 59(e) "permits a district court to reconsider and amend a

17  previous order."  However, reconsideration is an "extraordinary remedy, to be used sparingly."

18  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  Absent highly unusual

19  circumstances, a motion for reconsideration should not be granted "unless the district court is

20  presented with newly discovered evidence, committed clear error, or if there is an intervening

21  change in the controlling law."  *Id*. (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665

22  (9th Cir. 1999)).  "A Rule 59(e) motion may not be used to raise arguments or present evidence

23  for the first time when they could reasonably have been raised earlier in the litigation," *Kona*, 229

24  F.3d at 890 (emphasis removed).

25      Under Rule 60(b), a court may "relieve a party or a party's legal representative from a final

26  judgment, order or proceeding" based on "mistake, inadvertence, surprise, or excusable neglect"

27  or for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(1), (6).  The Ninth Circuit has

28  instructed that Rule 60 is to be used "sparingly" and only in "extraordinary circumstances."

1   *United States v. Wash.*, 98 F.3d 1159, 1163 (9th Cir. 1996).

2          In his motion, Kuklok contends that the court's July 20, 2020 order "was based on a clear

3   error of fact."  Mot. 2, ¶ 4.  Kuklok lists his diagnoses and argues that his "medical conditions

4   warrant equitable tolling."  *Id*. at 3-4.  He then goes on to challenge the court's decision as to each

5   of his claims, arguing that the court erred with respect to its application of law to the facts alleged

6   in the TAC.  *Id*. at 5-9.  Although Kuklok attempts to characterize his motion as "clarify[ing] the

7   existing pleaded evidence," at bottom, Kuklok's motion attempts to re-litigate the issues the court

8   already decided.  *See id*. at 5.  "A motion for reconsideration should not be used to ask a court to

9   rethink what the court had already thought through—rightly or wrongly.  Arguments that a court

10  was in error on the issues it considered should be directed to the court of appeals."  *Defs. of*

11  *Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995) (internal citations and quotation

12  marks omitted).

13         For example, the VA argued that the court lacks subject matter jurisdiction over Kuklok's

14  breach of fiduciary duty claim because Kuklok did not include it in his 2018 administrative claim.

15  The court examined the administrative claim and concluded that the statement, "Detrimental

16  intentional passage of private Veterans Administration medical records . . . Interfering with

17  entitlements and causing loss of benefits" was "insufficient to put the VA on notice of the injury

18  claimed and enable it to begin its own investigation of the events underlying Kuklok's claim for

19  breach of a fiduciary duty."  *Kuklok*, 2020 WL 4051561, at *7.  Kuklok argues that this "is an

20  error, because [his] benefits were indeed denied and delayed for over eight years."  Mot. 9.  But

21  this appears to be an argument about the merits of his claim; it does not demonstrate that the court

22  committed "clear error" in finding that Kuklok had not exhausted his remedies as to the breach of

23  fiduciary duty claim.

24         The court concludes that Kuklok has failed to show that relief is appropriate under Rules

25  59(e) or 60(b).  The motion for reconsideration is therefore denied.

26  //

27  //

28

United States District Court
Northern District of California

4

United States District Court
Northern District of California

**III.    CONCLUSION**

For the foregoing reasons, Kuklok's motion for reconsideration is denied.


**IT IS SO ORDERED.**

Dated: November 23, 2020



Donna M. Ryu
United States Magistrate Judge